

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*610 Federal Plaza*
*Central Islip, New York 11722*

May 7, 2026

<u>**VIA ECF**</u>

Honorable Nusrat J. Choudhury
United States District Court Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

　　　　　　　　Re: *Sunilkumar Gandabhai Patel v. Maldonado, et al.*
　　　　　　　　　　No. 26-cv-2622 (Choudhury, J.)

Dear Judge Choudhury:

　　　　This Office represents Respondents in the above-referenced action, in which Petitioner Sunilkumar Gandabhai Patel ("Petitioner") filed a Petition for a writ of habeas corpus on May 1, 2026, challenging his detention by Immigration and Customs Enforcement ("ICE). *See* Dkt. # 1. Respondents respectfully submit this letter in further response to the Stay of Removal and Order to Show Cause entered on May 4, 2026 (Dkt. # 5) (the "May 4, 2026 Order"), pursuant to the Electronic Order entered on May 5, 2026 (the "May 5, 2026 Order"), stating that, "[b]ecause Respondents do not take the position that the outcome of this Petition is controlled by a prior decision of this Court, Respondents must still respond in full and show cause why the Petition for Writ of Habeas Corpus should not be granted by Thursday, May 7, 2026, at 11 AM."[1]

　　　　As set forth in Respondents' initial response (Dkt. # 10) ("Gov't Resp.") to the May 4, 2026 Order, the statutory basis for detaining Petitioner is 8 U.S.C. § 1226(a). The legal issues presented concern whether Petitioner's detention violates the due process protections to which he is entitled under the Fifth Amendment and his right to arrest without probable cause under the Fourth Amendment. Dkt. # 1 at ¶¶ 59-74.

　　　　Petitioner acknowledges that he has already received a bond hearing before an immigration judge, pursuant to 8 U.S.C. § 1226(a), and that he has a right to appeal the immigration judge's denial of his bond request to the Board of Immigration Appeals ("BIA"). See Petitioner's Memorandum of Points and Authorities (Dkt. # 3) ("Pet. Mem."), at pp. 1; Petitioner's Response to Respondent's Response to Order to Show Cause (Dkt. # 12) ("Pet. Reply"), at pp. 2-3.

---

[1] The undersigned Assistant U.S. Attorney sincerely apologizes to the Court for her delay in filing this submission after the 11 a.m. deadline.

Respondents submit that the Petition should be denied for the following reasons: (1) the Court lacks jurisdiction to review the decision of the immigration judge, pursuant to 8 U.S.C. § 1226(e); (2) Petitioner has failed to exhaust his administrative remedies; and (3) Petitioner cannot show that he was deprived of due process. *See* Gov't Resp. at pp. 3-4.

**Statutory and Regulatory Background**

In the Immigration and Nationality Act, Congress enacted a multi-layered statutory scheme for the civil detention of aliens pending a decision on removal, during the administrative and judicial review of removal orders, and in preparation for removal. *See generally* 8 U.S.C. §§ 1225, 1226, 1231. Section 1226 "generally governs the process for arresting and detaining . . . aliens pending their removal." *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018). Section 1226(a) provides that "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). When an alien is taken into ICE custody under § 1226(a), an ICE official makes the initial custody determination. *See* 8 C.F.R. §§ 236.1(c)(8), 236.1(d)(1). Per regulations, an ICE officer may "in the officer's discretion, release an alien . . . provided that the alien demonstrates to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8); 8 C.F.R. § 1236.1(c)(8).

The Attorney General and DHS thus have broad discretionary authority to detain an alien during removal proceedings. *See* 8 U.S.C. §§ 1226(a)(1) (DHS "may continue to detain the arrested alien" during the pendency of removal proceedings); *Nielsen v. Preap*, 586 U.S. 392, 409 (2019) (highlighting that "subsection (a) creates authority for anyone's arrest or release under § 1226—and it gives the Secretary broad discretion as to both actions"). Here, Petitioner is currently in removal proceedings and ICE exercised its discretion in making the initial custody determination as prescribed by 8 U.S.C. § 1226(a).

Respondents note that several decisions in this Circuit have dismissed petitions similar to Petitioner's here, holding that "to the extent [a petitioner] wishes to challenge [his] initial custody determination, [he] must first exhaust the administrative remedies at [his] disposal" *Rojas v. Genalo*, No. 25-cv-6543, 2026 WL 275991, at *1 (E.D.N.Y. Feb. 3, 2026) (Komitee, J.); *see also Castillo Lachapel v. Joyce, et al.*, No. 25- cv- 4693, 25 WL 1685576, at *3 (S.D.N.Y. June 16, 2025) (quoting *Michalski v. Decker*, 279 F. Supp. 3d 487, 495 (S.D.N.Y. 2018)) ("'[a] habeas petitioner must normally exhaust administrative remedies before seeking federal court intervention'"); *accord*, *Fontanelli v. Francis*, No. 25-cv- 7715, 2025 WL 2773234, at *5-8 (S.D.N.Y. Sept. 29, 2025). *See also Capunay Guzman v. Joyce, et al.*, No. 25-cv-4777, 786 F. Supp.3d 865, 870 (S.D.N.Y. June 17, 2025); *Roman v. Decker*, No. 20-cv-3752, 2020 WL 4273823, at * 7 (S.D.N.Y. July 24, 2020); *Paz Nativi v. Shanahan*, No. 16- cv-8496, 2017 WL 281751, at *1 (S.D.N.Y. Jan. 23, 2017) ("before immigration detention may be challenged in federal court . . . exhaustion is generally required as a prudential matter" (collecting cases)). The exhaustion requirement "aims to provide the agency with a chance to correct its own errors, 'protect[ ] the authority of administrative agencies,' and otherwise conserve judicial resources by 'limiting interference in agency affairs, developing the factual record to make judicial review more efficient, and resolving issues to render judicial review unnecessary.'" *Capunay Guzman*, 786 F.Supp.3d at 869 (*quoting Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003) (Sotomayor, J.)). Thus, courts in this district have required those challenging their detention under Section 1226(a) to first exhaust administrative remedies. *See, e.g.*, *Rojas*, 2026 WL 275991, *1 (denying habeas petition in light of failure to exhaust).

Here, Petitioner, who is being detained pursuant to 8 U.S.C. § 1226(a), has availed himself of administrative remedies available pursuant to § 1226(a) – but he has not exhausted them. The administrative review process available to Petitioner consists of two levels: (1) a bond hearing before an immigration judge (*see* 8 C.F.R. §§ 236.1(d)(1), 1003.19, 1236.1(d)) and (2) an appeal to the Board of Immigration Appeals ("BIA") should the immigration judge conclude that he should not be released, or the immigration judge has set a bond amount that he believes is too high (*see* 8 C.F.R. §§ 236.1(d)(3), 1003.19(f), 1003.38, 1236.1(d)(3)). *See Monterosa v. Decker*, No. 20-cv-02653, 2020 WL 1847771, at *3 (S.D.N.Y. Apr. 11, 2020) ("After ICE makes an initial detention decision, any person who is detained has the right to request a bond hearing before an Immigration Judge."); *Michalski*, 279 F. Supp. 3d at 496 (finding that a bond hearing is the appropriate avenue for petitioner's request for release from detention where "as opposed to challenging the length of his detention, [petitioner] essentially challenges the arrest and detention under § 1226(a) without any evaluation of legal justification as unconstitutional"). As the court in *Castillo Lachapel* explained, "If the immigration judge releases [Petitioner] on bond, his [habeas] petition would be moot . . . And even if the immigration judge denies bond, [Petitioner]'s petition could be mooted if the Board of Immigration Appeals reverses that determination." 2025 WL 1685576 at *3 (internal quotations and citation omitted). Thus, "[b]ecause [Petitioner]'s [potential] bond hearing may provide him with the relief that he seeks— *i.e.*, his release," the Court should require that Petitioner exhaust the administrative avenues available to him pursuant to § 1226(a) before seeking judicial relief. *See id.*

Nor do any of the recognized exceptions to exhaustion apply here. A district court may in its discretion excuse exhaustion when "(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile and (4) in certain instances a plaintiff has raised a substantial constitutional question." *Beharry*, 329 F.2d at 62 (quotation omitted). Numerous courts in this Circuit have also found that none of these exceptions apply where, as here, an immigration judge or the BIA could release a habeas petitioner detained under 8 U.S.C. § 1226(a) on bond. *See, e.g.*, *Castillo Lachapel*, 2025 WL 1685576 at *3; *Capunay Guzman*, 786 F. Supp.3d at 870; *Monterosa*, 2020 WL 1847771 at *6-*7; *Roman*, 2020 WL 4273823, at *7.

With respect to the first exception, as explained above, Petitioner has an available administrative remedy – an appeal of the adverse decision of the immigration judge to the BIA. *See Castilla Lachapel*, 2025 WL 1685576, at *3 (describing the two levels of administrative review available to petitioner). "Because [Petitioner]'s [potential] bond hearing may provide him with the relief that he seeks—i.e., his release—this Court concludes in the exercise of its discretion that [Petitioner] must exhaust these avenues before seeking judicial relief." *Id.* (internal quotations and citations omitted). *See Michalski*, 279 F. Supp. 3d at 496 (finding that a scheduled bond hearing "scuttles" petitioner's habeas petition because the immigration judge could release him on bond making his habeas petition moot); *Paz Nativi*, 2017 WL 281751, at *2 ("The pendency of a BIA appeal that could potentially moot [petitioner's] habeas petition counsels for the Court to stay its hand until the exhaustion of administrative review in the name of preserving scarce judicial resources and avoiding the possibility of duplicative or conflicting rulings.").

The second exception is also inapplicable. Petitioner cannot show irreparable harm at this time. Although he has been detained since February 21, 2026, he did exercise his right to request a bond hearing and did, in fact, receive a bond hearing, on April 8, 2026 (after withdrawing his initial request for a bond hearing), and his time to appeal the adverse Order of the immigration judge has not yet run. Petitioner did not seek habeas relief from this Court until May 1, 2026. *See Capunay Guzman*, 786 F. Supp. at 871 (where petitioner had been detained for approximately nineteen days

"'[t]he risk of prolonged detention'—as opposed to actual prolonged detention— 'does not constitute an irreparable injury that excuses the prudential exhaustion requirement'") (quoting *Roman*, 2020 WL 4273823, at *8). *Cf. Michalski*, 279 F. Supp. 3d at 496 (petitioner's "claim that prolonged detention constitutes an irreparable injury that may excuse exhaustion has been rejected by courts in this District").

Similarly, as to the third exception, Petitioner has not shown that an appeal to the BIA of the adverse Order of the immigration judge would be futile. *See Cabral v. Decker*, 331 F. Supp. 3d 255, 263 n. 6 (S.D.N.Y. 2018) ("[T]he question of whether the petitioner's yet-to-happen bond hearing complies with due process is not before this Court.").

With respect to the fourth exception, "[m]ere existence of a constitutional issue . . . does not create an automatic exception to an exhaustion requirement." *Monterosa,* 2020 WL 1847771, at *5. "Thus, when applying this exception, 'courts will endeavor to avoid deciding a constitutional issue if the case might be resolved on a narrower factual basis.'" *Capunay Guzman*, 786 F. Supp. at 871 (quoting *Monterosa*, 2020 WL 1847771, at *5). In any event, the process that is due to Petitioner is a hearing before an immigration judge and an appeal before the BIA; he is not being deprived of that process, except insofar as he chooses to reject that recourse in favor of federal court.

**ICE Performed An Initial Individualized Bond Determination, as Required**

When Petitioner was detained by ICE on February 21, 2026, SDDO ICE Acting Supervisory Detention and Deportation Officer ("SDDO") John Keane made an individualized initial custody determination. *See* Keane Decl. (Dkt. # 10-1) at ¶ 17; Supplemental Declaration of John Keane, dated May 7, 2026 ("Supp. Keane Decl."), submitted herewith; Exhibit A to Supp. Keane Decl.[2] As part of that determination, SDDO Keane spoke with Petitioner and provided him with the opportunity to challenge the assessment that he presented a danger to the community. Supp. Keane Decl. at ¶¶ 3-8.

Accordingly, ICE complied with the requirements noted in *Terrero v. Tsoukaris*, No. 26-cv-0869, 2026 WL 607917 (E.D.N.Y. Mar. 4, 2026) (Merle, J.), a case in which Judge Merle found that ICE failed to make a lawful individualized custody determination "without first giving petitioner any opportunity to 'demonstrate to the satisfaction of the officer that [his] release would not pose a danger' to the community." *Id.,* at * 2,  quoting *Kelly v. Almodovar*, No. 25-cv-06448, 2025 WL 2381591, at *3 (S.D.N.Y. Aug. 15, 2025)) and citing 8 C.F.R. § 1236.1(c)(8).[3]

---

[2] The INA § 236(a) Initial Custody Determination signed by SDDO Keane was not included as an exhibit to the initial Keane Declaration because the undersigned Assistant U.S. Attorney was not authorized to file that document without authorization; such authorization was given on May 6, 2026.

[3] *See Cedeno Carreno v. Bondi*, No. 26-cv-1180 (Choudhury, J.) (Dkt. # 11) (Transcript of Proceedings Held on March 3, 2026), at pp. 48-51 (granting writ of habeas corpus on grounds that failure to conduct initial individualized bond determination constituted violation of Fifth Amendment right to procedure due process).

**Petitioner Cannot Show That Exhaustion of Administrative Remedies Would Be Futile**

At the bond hearing conducted on April 8, 2026, the immigration judge fully considered evidence that had timely been presented to him. A recording of the proceedings conducted before immigration judge Charles Conroy on April 8, 2026, demonstrates that Petitioner did not timely submit the document purporting to be a "Certificate of Disposition" of the criminal charges against him by the Nassau District Court,[4] nor did Petitioner's immigration counsel submit a motion requestion to allow for late filing.[5] Recording of Bond Hearing ("Recording") at 1:15 minute mark. Immigration judge Conroy marked the "Certificate of Disposition" as Exhibit 5 for identification purposes only. *Id.* Petitioner's counsel asked the immigration judge to take judicial notice that the criminal charges had been dismissed. *Id.* at 2:40 – 2:45. The immigration judge declined to do so, stating as follows:

> It's irrelevant. The underlying circumstances are what matter. . . . This is a bond hearing, and discretion and what was the underlying content and whether it indicates whether or not there was a dangerousness, I mean that's the practice.

*Id.* at 2:45 - 3:01.

The Government's attorney argued that Petitioner had not shown that he was not a danger to the community, nor had he shown that he was not a flight risk, as documents he had submitted stated two different addresses. *Id.* at 26:52 – 29:30. Petitioner's counsel disagreed with the Government's characterization of the facts. *Id.* at 29:31 – 30:38. Immigration judge Conroy stated that the evidence did not support Petitioner's request for bond:

> For me the issue is dangerousness. It is his burden to demonstrate that he is not a danger to the community.  I don't feel he's done that. . . . With the rest of his testimony, I find it to be implausible.  . . . I'm gonna find that he didn't meet his burden of proof to demonstrate that he's not a danger."

*Id.* at 31:39 – 32:41. Petitioner, though his counsel, reserved his right to appeal. *Id.* at 32:42 – 34:27.

---

[4] In a telephone conversation on the afternoon of May 5, 2026, the Bureau Chief of the District Court Bureau for the Nassau County District Attorney's Office confirm to the undersigned that the criminal charges against Petitioner have been dismissed and that the record has been sealed.

[5] The recording of these proceedings, as provided to this Office by the Executive Office for Immigration Review ("EOIR") on May 6, 2026, is being filed with the Court, under seal, contemporaneously with this submission, EOIR has not made a transcript of this recording and, due to time constraints, this Office has not yet been able to request that a transcript be made. Information provided herein regarding statements made on the record at the bond hearing is based upon the undersigned's review of the recording.

Based upon the statements made at the bond hearing, Respondents submit that Petitioner has not demonstrated that he has exhausted the administrative remedies available to him, or that it would be futile for him to seek redress by filing an appeal with the BIA.

**The Court Does Not Possess Jurisdiction to Review the Order of the Immigration Judge**

In any event, as set forth in the Gov't Resp., Petitioner essentially is challenging the Order of the immigration judge that denied his bond application. The Court does not have jurisdiction to consider such a request, pursuant to 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.") An appeal to the BIA is the appropriate avenue for Petitioner to pursue this challenge.

Respondents thank the Court for its consideration of this submission.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:    /s/ *Mary M. Dickman*
Mary M. Dickman
Assistant United States Attorneys
(631) 715-7863
mary.dickman@usdoj.gov

Cc: Counsel of record by ECF