UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| SUNILKUMAR GANDABHAI PATEL,<br>*Petitioner,*<br><br>v.<br><br>RAUL MALDONADO, Jr. *et al.,*<br>*Respondents.* | Civil Action No.<br>26-CV-02622 (Choudhury, J.)<br><br>**SUPPLEMENTAL<br>DECLARATION OF<br>JOHN KEANE** |

Pursuant to 28 U.S.C. § 1746, I, John Keane, declare under penalty of perjury that the following is true and correct:

1.      I am an Acting Supervisory Detention and Deportation Officer ("SDDO") with U.S. Immigration and Customs Enforcement ("ICE") within the U.S. Department of Homeland Security ("DHS"). I submit this Supplemental Declaration to provide additional information to my Declaration dated May 5, 2026 (Dkt.# 10-1), regarding Petitioner Sunilkumar Gandabhai Patel ("Petitioner"), a native and citizen of India, who is assigned Alien Number 235 321 420.

2.      On February 21, 2026, I was present at the ICE processing office at 100 Carman Avenue, East Meadow, New York during the arrest processing of Petitioner.

3.      Between approximately 1:00 a.m. and 3:30 a.m., I made an individualized initial custody determination as to Petitioner, pursuant to INA § 236(a); based upon Petitioner's arrest by the Nassau County Police Department upon charges of selling vape products prohibited by law, I determined that Petitioner should be detained because he had not established that he does not present a danger to the community.

Page 1 of 2

4.    In the course of making that individualized initial custody determination, I spoke with Petitioner and physically observed him speak and interact with others at 100 Carman Avenue, East Meadow, New York. I do not recall the specific conversation I had with Petitioner.

5.    In the regular course of business of conducting an individualized initial custody determination, as part of a routine practice, I ask the individual in custody if he or she has any issues that need to be addressed, if there is anything that he or she needs, if there is anything he or she is worried about, if he or she has family that depends on them, and other similar questions along those lines.

6.    If an alien answers any of these questions with indicia of special vulnerability or other factors that would prevent detention, it is my practice to document such information.

7.    Had Petitioner indicated special vulnerability or other factors that would prevent detention, I would have documented that information. No such documentation exists in this case.

8.    Based on Petitioner's responses to my questions at the time I posed them, on February 21, 2026, and my own observations, I noted on Page 2 of the INA § 236(a) Initial Custody Determination, that Petitioner did not have any special vulnerability. A true and correct copy of the INA § 236(a) Initial Custody Determination that I signed is attached to this declaration as Exhibit A.

I hereby declare under the penalty of perjury that the above statements are true and correct.

Executed at New York, New York
this 7th Day of May, 2026.

**JOHN T KEANE IV**    Digitally signed by JOHN T
KEANE IV
Date: 2026.05.07 10:50:12 -04'00'

John Keane
Acting Supervisory Detention and Deportation Officer
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security

# EXHIBIT A

ERO NEW YORK CITY FIELD OFFICE

## INA § 236(a) Initial Custody Determination

Name _Sunilkumar PATEL_    A-Number _235 321 420_    Arrest Date & Time _2/21/2026 00:50_

☒ Individual is subject to § 236(a)—(Fill Out Below)
☐ Individual is NOT subject to § 236(a)—(Skip to Bottom and Sign)

**Instructions:** Pursuant to a settlement reached in *Velesaca v. Decker*, No. 20-cv-1803 (SDNY), ERO Officers at the New York City Field Office must utilize this form as part of the initial individualized custody determination under INA § 236(a). Detention under INA § 236(a) is discretionary, and ERO officers must make individualized determinations in each case.

Pursuant to federal regulation 8 C.F.R. § 236.1(c)(8), in making an initial custody determination under INA § 236(a), ERO may release a noncitizen who establishes to the satisfaction of the immigration officer that (1) the noncitizen does not pose a danger to persons or property, and (2) the noncitizen is likely to appear at all future proceedings.

When conducting an individualized initial custody determination, the officer must first consider whether the noncitizen has demonstrated that he or she is not a danger to property or persons. Only if the noncitizen has satisfied the immigration officer that he or she is not a danger to property or persons should the officer proceed to a flight risk analysis.

**Danger to the Persons or Property:**
In assessing whether an individual currently presents a "danger to persons or property," officers may consider any relevant factors, including, but not limited to: the extensiveness and seriousness of any criminal arrest or conviction; the length of time that has passed since any such arrest or conviction; the sentences imposed; criminal history not known to the immigration officer but disclosed by the noncitizen; statements from the noncitizen regarding dangerous or illegal conduct; evidence of rehabilitation; compliance with sentences; employment history and ties to the community. This list is non-exhaustive and does not preclude officers from considering other aggravating or mitigating factors relevant to determining whether the individual currently presents a "danger to persons or property."

Has the individual established that he/she does not pose a danger to persons or property?
☐ Yes ☒ No

Discussion (if more space is needed, please attach additional page(s)):

Subject was arrested 02/20/2026 for flavored vape products.

*Please see back of form*

I

ERO NEW YORK CITY FIELD OFFICE

**Flight Risk:**

Factors to consider for flight risk may include, but are not limited to: whether the individual has a fixed address in the U.S.; the length of residence in the U.S.; family ties in the U.S.; employment history; record of appearance in court; criminal history (including how recent and serious); identified disabilities or medical conditions; history of immigration violations; manner of entry into the U.S.; attempts to flee prosecution; and whether an individual has upcoming court dates in state or local courts.

Has the individual established that he/she does not pose a flight risk?  ☐ Yes  ☐ No

If the noncitizen does pose a flight risk, have you determined that no forms of release on conditions can mitigate the risk of flight?  ☐ Yes  ☐ No

Discussion (if more space is needed, please attach additional page(s)):

_____

_____

_____

**Special Vulnerabilities:**

The officer should consider whether the noncitizen has any identified special vulnerabilities, such as physical illness; mental illness; disability; elderly; pregnant; nursing; primary caretaking responsibility; sexual orientation/gender identity; or other special circumstance that warrants consideration. No one factor is determinative.

Have you asked and considered whether the individual has any special vulnerabilities?
■ Yes ☐ No

Have you identified a special vulnerability? ☐ Yes ■ No

*Please ensure your determination is consistent with current statutory and regulatory authority and applicable agency guidance.*

### INITIAL CUSTODY DETERMINATION

☐ Bond is set at _____
☐ Release to ATD or other conditions

☐ Release on Recognizance
■ Detain

Supervisory Detention and Deportation Officer: JOHN T KEANE IV  Digitally signed by JOHN T KEANE IV Date: 2026.02.21 03:16:52 -05'00'

Date: _____    Time Completed*: _____
(* if not e-signed)

2