

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*610 Federal Plaza*
*Central Islip, New York 11722*

May 18, 2026

Honorable Nusrat J. Choudhury
United States District Court Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re: *Sunilkumar Gandabhai Patel v. Maldonado, et al.*
         No. 26-cv-2622 (Choudhury, J.)

Dear Judge Choudhury:

This Office represents Respondents in the above-referenced action, in which Petitioner Sunilkumar Gandabhai Patel ("Petitioner") filed a Petition for a writ of habeas corpus on May 1, 2026 (Dkt. # 1) ("Initial Petition"), challenging his detention by Immigration and Customs Enforcement ("ICE"), and filed an Amended Petition on May 14, 2026 (Dkt. ## 17) ("Amended Petition"). Respondents respectfully submit this letter pursuant to the Electronic Order entered on May 14, 2026 (the "May 14, 2026 Order") directing them to file their response to the Amended Petition no later than May 18, 2026, at 3 p.m. [1]

**Differences Between Initial Habeas Petition and Amended Habeas Petition**

**Factual Differences**

The facts asserted in Amended Petition differ from those contained in the Initial Petition in the following three respects:

(1) Petitioner acknowledges that 8 U.S.C. § 1226(a) (not 8 U.S.C. § 1225) provides the legal authority for his detention;[2]

---

[1] The undersigned Assistant U.S. Attorney sincerely apologizes to the Court for her delay in filing this submission after the 3 p.m. deadline.

[2] Compare Initial Petition at ¶¶ 18-1 -19-1 with Amended Petition at ¶¶ 15-A - 17-A. The Initial Petition consists of Paragraphs numbered 1 through 19 (referred to herein as Paragraphs 1-1 through 19-1) at pages 1 – 6 and a second set of Paragraphs numbered 1 through 18 and 41 through 74 (referred to herein as Paragraphs 1-2 through 74-2) at pages 6 through 15 (with no paragraphs numbered 19-2 through 40-2). The Amended Petition consists of Paragraphs numbered 1 – 24 (referred to herein as Paragraphs 1-A through 24-A) at pages 1-7; Paragraphs numbered I through VI, at pages 8-10 and 12-14; a second set of Paragraphs numbered 1 through 3 (referred

(2) Petitioner acknowledges that he was granted a bond hearing before an immigration judge, pursuant to 8 U.S.C. § 1226(a), which occurred on April 8, 2026, and the immigration judge denied Petitioner's request for release on bond, a decision that Petitioner has not appealed to the Board of Immigration Appeals (the "BIA");[3] and

(3) on May 7, 2026, Petitioner's I-589 Application for Asylum or Withholding or Removal ("I-589") was denied, and on May 8, 2026, he appealed the denial of his I-589 to the BIA.[4]

**Differences in Claims Asserted**

The Amended Petition expressly states that Petitioner claims he is entitled to release from detention on the basis that the standard applied by the immigration judge at his bond hearing -- which placed the burden of proof on the detainee to show that release on bond is warranted – violated his due process rights. Amended Petition at ¶¶ 15-A – 19-A, ¶ VI. The Amended Petition also expands upon Petitioner's contention that the Court has jurisdiction to entertain his claims because, although he failed to exhaust his administrative remedies, his failure to exhaust must be excused on the grounds that exhaustion "would have proven to be futile." Amended Petition at ¶¶ 21-A – 24A, ¶¶ I - V.

As set forth herein, Respondents submit that the Amended Petition should be denied not only for the reasons set forth in their previous submissions, but also because Petitioner's assertion that the immigration court improperly required that he carry the burden at his bond redetermination hearing is incorrect.

**I.      The Court Lacks Jurisdiction to Review the Decision of the Immigration Judge**

To the extent that Petitioner challenges the Order of the immigration judge, the Court lacks

---

to herein as Paragraphs 1-B through 3-B); and a third set of Paragraphs numbered 1 through 18 and 41 through 74 (referred to herein as Paragraphs 1-C through 18-C and 41-C through 74-C) at pages 14-24 (with no paragraphs numbered 19-C through 40-C). *See* Declaration of ICE Acting Supervisory Detention and Deportation Officer ("SDDO") John Keane, dated May 5, 2026 (Dkt. # 10-1) ("First Keane Decl."), at ¶¶ 5, 10-21; Exhs. A – C to First Keane Decl.; Declaration of John Keane dated May 7, 2026 (Dkt. # 31-1) ("Second Keane Decl."), at ¶¶ 2-8; Exh. A to Second Keane Decl.; Response dated May 5, 2026 (Dkt. # 10) ("Gov't Resp."); Supplemental Response dated May 7, 2026 (Dkt. # 13) ("Gov't Supp. Resp.").

[3] Compare Initial Petition at ¶¶ 17-1 -18-1 (asserting, incorrectly, that Petitioner was denied a bond hearing) with Amended Petition at ¶¶ 15-A, 23-A – 24-A, ¶¶ I – VI, ¶¶ 1-B – 3-B; *see* First Keane Decl. at ¶¶ 25-26, 33-35; Exhs. F, G, M and N to First Keane Decl.; Gov't Resp.; Gov't Supp. Resp.; Recording of Bond Hearing Conducted Before Immigration Judge on April 8, 2026 ("Bond Hearing"); Transcript of Recording of Bond Hearing.

[4] *See* Amended Petition at ¶¶ 7-A, 16-A.

jurisdiction, pursuant to 8 U.S.C. § 1226(e).[5] *See* Gov't Resp. at pp. 3-4; Gov't Supp. Resp. at p. 6.

## II. The Court Lacks Jurisdiction Because Petitioner Has Failed to Exhaust His Administrative Remedies

Petitioner's contention that the Court should not require him to exhaust his administrative remedies, because an appeal of the immigration judge's Order, entered on April 8, 2026, denying his application for a bond redetermination would simply be an exercise in futility is wholly lacking in merit.

As set forth in Respondents' previous submissions, Petitioner filed his Initial Petition, on May 1, 2025, which was within his 30-day window to appeal the Order to the BIA, pursuant to 8 C.F.R. §§ 236.1(d)(3), 1003.19(f), 1003.38, 1236.1(d)(3). *See* Gov't Resp. at p. 4; Gov't Supp. Resp. at pp. 2- 6. At the hearing conducted before Your Honor on May 8, 2026, Petitioner's counsel acknowledged that the deadline for appealing the Order to the BIA had not yet expired (but would expire that day), but stated that Petitioner would not exercise his right to appeal.

Respondents submit that Petitioner's willful and knowing decision to forfeit his right to appeal to the BIA does not demonstrate that an appeal would be futile. Notably, Petitioner has chosen to appeal the denial of his I-589 to the BIA – signaling that he does not view the BIA as inherently biased against individuals in his circumstances or believe that appeal of an adverse decision would be futile. Amended Petition at ¶¶ 7, 16.

Petitioner has not shown the existence of any of the recognized exceptions to exhaustion of administrative remedies. *See Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003) (district court may excuse exhaustion when "(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile and (4) in certain instances a plaintiff has raised a substantial constitutional question").While Petitioner contends that, because an appeal to the BIA could take months, during which time he would remain in detention, exhaustion would be futile, his argument rests on a decision that is within his own control – his appeal of the denial of his I-589 to the BIA, which serves to delay entry of a final order of removal. Amended Petition at ¶¶ 7, 16.[6] *See, e.g.*, *Rojas v. Genalo,* No. 25-cv-6543, 2026 WL

---

[5] In a decision entered last month, *Portillo Melara v. Tellez,* No. 26-cv-1453, 2026 WL 1146054 (E.D.N.Y. Apr. 28, 2026) (Donnelly, J.), Judge Donnelly noted that, although the Ninth Circuit determined, in the wake of *Wilkinson v. Garland,* 601 U.S. 209 (U.S. 2024), that Section 1226(e) does not preclude the district court from having jurisdiction to review an immigration judge's bond denial, the Sconed Circuit has not addressed this question. *Portillo Melara*, 2026 WL 1146054, at * 3-4, citing *Martinez v. Clark*, 124 F.4th 775 (9th Cir. 2024). In *Portillo Melara,* the parties had stipulated that the petitioner, who had been detained for more than 10 months, would receive a new bond redetermination hearing at which the government would bear the burden of proof. *Id.,* 2026 WL 1146054, at * 2-3.

[6] As Petitioner acknowledges that he is detained pursuant to 8 U.S.C. § 1226(a) (and not 8 U.S.C. § 1225), the immigration judge did not follow *Matter of Yajure Hurtado*, 29 I. & N. Dec.

275991, at *1 (E.D.N.Y. Feb. 3, 2026) (Komitee, J.); *Castillo Lachapel v. Joyce*, No. 25-cv-4693, 2025 WL 1685576 at *3 (S.D.N.Y. June 16, 2025); *Capunay Guzman v. Joyce*, 786 F. Supp.3d 865, 870 (S.D.N.Y. 2025).

Moreover, if the Court were to find that Petitioner's forfeiture of his right to exercise the administrative remedies available to him demonstrated futility and, thus, vested the Court with jurisdiction, the result would have the effect of "rewarding" Petitioner for his cynical choice to gamble that he could obtain a more favorable outcome if he bypassed the BIA. Such a finding would essentially upend the administrative scheme authorized by 8 U.S.C. § 1226(a) and the regulations applicable thereto. *See* 8 C.F.R. §§ 236.1(d)(3), 1003.19(f), 1003.38, 1236.1(d)(3). Carried to its logical extreme, such a determination would have the potential to flood the district courts with requests for relief that could, and should, be addressed through the administrative process.

### III. The Court Lacks Jurisdiction Because Petitioner Cannot Show That He Was Deprived Of Due Process

At Petitioner's bond redetermination hearing, the immigration judge Conroy appropriately placed the burden on Petitioner to show that he was neither a danger to the community nor a flight risk, as required under 8 U.S.C. § 1226(a). *See Matter of R-A-V-P-*, 27 I&N Dec. 803, 804 (BIA 2020); see also *Matter of Guerra*, 24 I&N Dec. 37, 38 (BIA 2006) (detainee "must establish to the satisfaction of the Immigration Judge and this Board that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight"). The Recording of the Bond Hearing, as transcribed, shows that the immigration judge found that Petitioner's immigration counsel had failed to put forth evidence sufficient to carry his burden – because he did not submit evidence showing that the criminal charges filed against him had been dismissed, and he did not adequately prepare Petitioner to make sure that he could understand the questions that would be posed to him or that he would provide forthright and truthful answers to those questions. *See, generally,* Transcript of Bond Hearing.

In *Jennings v. Rodriguez,* 583 U.S. 281, 311-12 (U.S. 2018), the Supreme Court held that 8 U.S.C. § 1226(a) does *not* require that detained be given "periodic" bond hearings. *See Black v. Almodovar,* 156 F.4th 171, 193-95 (2d Cir. 2025). In 2020, the Second Circuit held that "prolonged incarceration . . . without an end in sight or a determination that [the detainee] was either a danger or a flight risk violated due process." *Velasco Lopez v. Decker,* 978 F.3d 842, 851-855 (2d Cir. 2020), citing *Mathews v. Eldridge*, 424 U.S. 319, (1976), In *Velasco Lopez*, the Second Circuit determined that the detainee, who had been hold for 15 months, was properly ordered to be granted a new bond hearing, at which the government bore the burden of showing dangerousness and flight risk by clear and convincing evidence. *Id.*, 978 F.3d at 855-57; *see Black v. Decker,* 103 F.4th 133, 183 (2d Cir. 2024) (applying three-part test articulated in *Matthews v. Eldridge* to individual detained pursuant to 8 U.S.C. § 1226(c)).[7]

---

216 (BIA 2025), and the BIA also would have no basis to apply the determination in that matter. *See* Amended Petition at ¶ 23.

[7] *Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021), cited by Petitioner, is not binding upon this Court, nor is the Ninth Circuit's decision in *Martinez v. Clark*, 124 F.4th 775. Amended Petition at ¶ VI. The only Second Circuit case to which Petitioner cites, *United States v. Horton,*

Respondents submit that Petitioner, who has been detained by ICE for a period of approximately three months (since February 21, 2026), -- and was granted a bond hearing before an immigration judge, which did not take place until April 8, 2026, due to his withdrawal of his initial request for a bond hearing -- has not been subject to "prolonged incarceration," such that due process requires that he be given a new bond hearing at which the government must bear the burden. *See Rambarrat v. Lyons*, No. 9:26-cv-448 (ECC), 2026 WL 1362518, at * 9 (N.D.N.Y. May 15, 2025) (granting request for new bond hearing, at which government was to bear the burden, to individual detained for more than four months pursuant to Section 1226(a)); *Raspoutny v. Decker*, 708 F. Supp. 3d 371 (S.D.N.Y. 2023) (granting request for bond hearing at which government would bear the burden to individual detained for more than five months); *Medley v. Decker*, No. 18-cv-7361, 2020 WL 1033344, at * 1 (S.D.N.Y. Mar. 3, 2020) (noting court had ordered that detainee receive second bond hearing from immigration court, after detention in excess of 14 months, at which government was to bear the burden).

Respondents thank the Court for its consideration of this submission.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:  /s/ *Mary M. Dickman*
Mary M. Dickman
Assistant United States Attorneys
(631) 715-7863
mary.dickman@usdoj.gov

Cc: Counsel of record by ECF

---

No. 16-1574, 653 F. Appx 46 (2d Cir. 2016), addressed bail and pretrial detention issues raised by a defendant in federal criminal proceedings, not in the context of immigration proceedings. Amended Petition at ¶ VI.